# Court of Appeals.

### June 30, 1893.

## PEOPLE v. GEOGHAN.

### (53 St. Rep. 295; 138 N. Y. 677.,

Homicide—Murder in first degree.

The facts, in this case, were held to make out a clear case of murder in the first degree.

Appeal from judgment of the court of oyer and terminer of Saratoga county, convicting defendant of the crime of murder in the first degree.

J. Grattan McMahon, for appellant.

Jas. W. Ridgway, for respondents.

PECKHAM, J.—After a careful reading of the whole record in this case we fail to find any reason for a reversal of the judgment of conviction.

The evidence shows the deliberate killing of a defenceless woman, and that woman the wife of the murderer.

The couple had been married but about one year and a half, and the record shows that frequently during that time the de-

fendant had ill-treated the deceased, so that she had left him and come home to her mother for protection from his violence. They had one child about five months old, and but a short time before the death of the wife the defendant came to her mother's house, where the wife had fled, and had taken the child in his arms and threatened to shoot both the child and the mother unless she came home again.   The occurrence which resulted in the death of the deceased took place about midday on the 8th of September, 1892.    The wife had taken refuge with her mother a day or two before and was in a room with her baby, when the door was broken in by the defendant.   He asked the deceased if she would come home with him, and upon her refusal, he took out his revolver and in the presence of a sister of the deceased, and while the deceased had her baby in her arms, he fired at her.

The sister then ran out to summon assistance, and while gone she heard three other shots fired, and then the defendant ran out of the room, down the stairway and out into the street, pursued by the sister.   He was arrested while thus running, and the policeman who arrested him, assisted by another, took him back to the house under the guidance of the sister, and he was there confronted with the deceased.   She identified him as the one who did the shooting, and he was then taken to the jail. He had been drinking, but was not drunk.   The child in the mother's arms was slightly hit by one of the pistol bullets and its dress was scorched, by the powder from the weapon.   The woman lingered for a few hours and then died.   The evidence was such as not to leave the slightest possible doubt that the defendant did the shooting.   The defense was insanity.   The evidence upon that point was so weak as not to call for any discussion in regard to it.   The crime was undoubtedly the result of the anger and passion of the defendant caused by the refusal of the deceased to return home with him.

No intelligent and honest jury could upon the evidence disclosed in this record have come to any other conclusion than that the defendant was guilty of murder in the first degree.   The charge of the learned judge who presided on the trial was a correct statement of the law applicable to the case.   He charged as requested by the counsel for the defense, and there was not

an exception taken to any part of the charge. There is nothing in the whole course of it to which exception could have properly, been taken. The one or two exceptions taken in the course of the trial to the ruling of the court upon questions of evidence are too plainly frivolous to warrant further notice.

Upon a careful review of the whole record we find no error of law, and upon the merits we find no ground for interference. In this case we can plainly see that justice does not require a new trial.

The judgment should be affirmed.

All concur.